GARCÍA v. DE LOS ANGELES.

APPEAL from the District Court of San Juan.

No. 65.—Decided June 25, 1907.

PROPERTY SUBJECT TO RESERVATION.—A mother, as the intestate heir of her daughter, acquiring property acquired by the daughter by inheritance from her intestate father, is bound to reserve such property for the relatives of her daughter within the third degree in the paternal line—that is to say, the line from which the property proceeded.

PARTIES—CAPACITY—ABSENCE OF HUSBAND—AUTHORITY OF WIFE TO REPRESENT HIM.—The wife has no power, nor can she assume it, to represent her husband, nor can she appear in court in the name or on behalf of her absent husband whose whereabouts are unknown, judicial authoirty expressly conferred with all the formalities required by law being necessary for this purpose.

PROPERTY SUBJECT TO RESERVATION—PROPERTY WHICH MUST BE RESERVED.—The obligation of reservation imposed by section 799 of the ·Civil Code upon the ascendant inheriting from his descendants property acquired by the latter from another descendant includes all the property which the ascendant may have inherited from his descendant by force of law, and therefore the fact that among these properties there should have been acknowledged a usufructuary share in favor of the widow of the descendant, the predecessor in interest of the reserver and that the latter should have redeemed the charge by the payment of a certain sum, cannot prejudice the rights of the reservee, nor does it invest the person making the reservation with any title of ownership in the property.

ID.—RECORD OF RIGHT OF RESERVATION IN THE REGISTRY—THIRD PARTIES.—It is not necessary that the right of reservation be recorded in the registry in order that the relatives in whose favor such reservation is established by law may exercise their rights, but it is a guarantee in favor of the persons in whose favor the reservation exists in order that third parties seeking to acquire a right in such property may be advised that it is subject to reservation and the liabilities that they may contract with respect to the persons entitled to reservation.

ID.—ACTION AGAINST RESERVER OR HIS SUCCESSORS.—Persons entitled to have reservations made in their favor, not recording their right to reservation in the registry, cannot exercise their rights against third parties acquiring the property as free, from the person who, according to the registry, was the owner thereof and could convey the same without risk of any sort, but this does not mean that they are without a right of action against the person bound to make the reservation, or the ascendant required so to do, or his successor in whose possession the property may be, to recover such property and indemnity, because such persons are not third parties, but real parties in interest whose rights are not extinguished by failure to record them in the registry of property.

ID.—PRESCRIPTION AS A MEANS OF ACQUIRING AND OF LOSING OWNERSHIP—PRESCRIPTION OF REAL ACTIONS.—Prescription as a means of acquiring ownership must not be confused with prescription as a means of losing it; because for the acquisition of ownership, possession in good faith and with a proper title, for a period of six years, in the case of persons either present or absent, is sufficient in accordance with the provisions of General Order of April 4, 1899; while to lose ownership by prescription—that is to say, for the extinguishment of the action—it is necessary that 30 years shall pass without the owner of the real property exercising his action.

ID.—ACQUISITION OF OWNERSHIP BY A THIRD PARTY.—Although according to article 1963 of the old Civil Code, real actions involving real property prescribe after 30 years, nevertheless, if during this period a third party acquires ownership by possession for six years, in good faith and with a proper title, in accordance with the General Order above cited, the real owner will have lost his right for failure to exercise the same during the period last mentioned, and cannot invoke in his favor the provisions of the first subdivision of article 1963 to show that his action is not barred by prescription, since the saving clause contained in the second subdivision of that article must be construed in connection with article 1957—that is to say, with the said General Order by which it was amended.

ID.—ACTION FOR RESCISSION OR ANNULMENT—TESTAMENTARY PROCEEDINGS—CAPACITY OF RESERVEES.—An action for the annulment or rescission of proceedings for the partition and division of an estate may be prosecuted only within four years, counting from the date upon which they were had. The reservees of the property which is the object of the proceedings for division and partition who shall not have acquired their right of reservation at the time when such proceedings were had but subsequently thereto, will be without a right of action to contest the same and demand their rescission or annulment.

Id.—Annulment of Will.—Reservees have no right of action to demand the annulment of a will executed by the reserver with all the legal formalities, even where the properties subject to reservation are thereby devised to some other person, because not being relatives of the testator with a right to succeed in whole or in part to his property, and having no other legal interest to contest the efficacy of his dispositions, are absolutely without title to attack the validity thereof.

The facts are stated in the opinion.

*Mr. Pérez Moris* for plaintiff.

*Mr. Bosch* for defendant.

Mr. Chief Justice Quiñones delivered the opinion of the court.

On March 6, 1886, Manuel García Maitin, a resident and landowner in the neighboring town of Bayamón, the husband of Beatriz Alós de los Angeles, by whom he had a daughter while still unmarried and who was legitimized by the subsequent marriage of her parents, died in said town.

Manuel García Maitin died leaving a nuncupative will, executed in this city on November 24, 1873, before Mauricio Guerra Mondragón, a notary of the same, by which he constituted as heirs to one-half of his property his legitimate brothers and sisters, José, Angel, Luisa, Dominga, and Monserrate García Maitin, and to the other half, his acknowledged natural daughter, Beatriz; but as by his marriage to the latter's mother, Beatriz Alós de los Angeles, she became legitimized *de facto* and *de jure* acquiring since that time the character of her father's heir by force of law, her mother, Beatriz Alós, requested on this ground that the will with regard to the constitution of heirs be declared null and void, and her daughter, Beatriz, held to be the only intestate heir of her deceased father, Manuel García Maitin. This the Judge of First Instance of the Cathedral District of this city did by order of June 6 of said year 1886.

Some months later, necessary testamentary proceedings relating to the estate of her deceased husband, Manuel García Maitin, having been instituted on petition of the said widow, Beatriz Alós de los Angeles, an inventory and appraisal of

the property were made simultaneously, the estate inventoried amounting to the sum of 42,718.50 *pesos,* distributed as follows: In part of the value of house number 29, San José Street, of this city, 8,400 *pesos;* the sugar plantation called "Santa Rosa," in *barrio* Juan Sánchez, within the municipality of Bayamón, consisting of 800 *cuerdas* of land, equivalent to 314 hectares and 40 ares, including the lands called "San José," which formed part of said estate; a two-story dwelling house and three mill houses, with thatch roofs, with the machinery for grinding sugar, etc., 22,915 *pesos;* a house, number 75 San Sebastián Street, in this city, 5,000 *pesos;* cattle, 3,457.50 *pesos;* 7 horses, 210 *pesos;* 8 oxcarts, 160 *pesos;* 3 plows, 36 *pesos;* the furniture of the house of the deceased, 40 *pesos;* 118 *cuerdas,* equivalent to 46 hectares, 37 ares, and 40 centares in the palm grove and farm of Pastillo, 2,500 *pesos.* Total estate inventoried, 42,718.50 *pesos.*

An inventory having also been made of the debts they were found to amount to the sum of 29,700.28 *pesos,* according to the items set forth in the inventory; and the liquidation and partition of the estate having been made by the partitioner, Francisco N. Peña, in conjunction with the widow, Beatriz Alós, and the guardian *ad litem,* Eduardo Rodeyro, appointed for the minor heir, Beatriz, showing that after deducting from the estate inventoried, which, as has been stated, amounted to the sum of 42, 718.50 *pesos,* the total amount of the debts aggregating the sum of 29,700.28 *pesos,* there remained a net surplus as the legal portion of Beatriz García y Alós of 13,018.22 *pesos,* in payment of which the following property was awarded to her: The full value of the house number 75, San Sebastián Street, of this city, 5,000 *pesos;* the value of the Estate of Santa Rosa, 7,822.22 *pesos;* the value of the 8 oxcarts, 160 *pesos;* the 3 plows, 36 *pesos;* total, 13,018.22 *pesos.* The remaining property inventoried was awarded to the widow, Beatriz Alós de los Angeles, for the payment of the debts inventoried. There was no conjugal property.

The account of the division and partition of the estate having been approved by order of February 4, 1887, made by said Judge of First Instance of the Cathedral District, it was filed in the protocol of Notary Mauricio Guerra, of this city, on June 3 of the said year 1887.

Beatriz García y Alós subsequently contracted marriage with Lorenzo Ruis Ibarra; and upon her death on September 28, 1891, without any succession and without having made any testamentary disposition, her mother, Beatriz Alós de los Angeles, prayed that she be declared the heir of her deceased daughter, and the court of first instance of the cathedral district so declared her by order of July 1, 1892, "without prejudice to third persons and with the reservation of the legal portion due the widower, Lorenzo Ruiz Ibarra, in the form and amount determined by article 836 of the Civil Code then in force."

At the time of the death of Beatriz García no inventory or division of her property was made, and the widower, Lorenzo Ruis Ibarra, having assigned to Beatriz Alós de los Angeles the actions and rights which he had in the estate of his deceased spouse for the sum of 8,000 Mexican *pesos*, Beatriz Alós had the property left by her daughter, Beatriz García, on her death recorded in her favor in the registry of property of this city, such property consisting of her share by inheritance from her father, Manuel García Maitin, in the Estate of Santa Rosa, amounting to the sum of 7,822.22 *pesos*, and the house number 75, San Sebastián Street, in this city, which she also inherited from her deceased father, Manuel.

Of the property which constituted the estate of Manuel García Maitin, and which came into the possession of his widow, Beatriz Alós de los Angeles, some by award for payment of the debts of her deceased husband, and the remainder by inheritance from her daughter, Beatriz García, the mother of the latter, Beatriz Alós de los Angeles, sold the estate called Pastillo to Ramón Valdés, and the house number 75, San

Sebastián Street, to José Caldas, and leased the estate "Santa Rosa" to Ignacio Rosales.

On September 18, 1904, Beatriz Alós de los Angeles, the widow of García Maitin, died in the said town of Bayamón, leaving a will which, among other dispositions, she constituted as her heir to one-third of her property Beatriz de los Angeles, the widow of Alós, residing in Spain, and to the other two-thirds, her minor nephews and nieces, María, Luis, and Manuel Quijano y Alós, represented by their legitimate father, José Quijano y Lasuer.

A few months after the death of Beatriz Alós de los Angeles, which, as has been stated, occurred on September 18, 1904—that is to say, on October 24 of the said year—Attorney Nemesio Pérez Moris, acting on behalf of Dominga and Monserrate García Maitin and of Ana Marién Dávila, representing Angel García Maitin, her absent husband whose whereabouts were unknown, the legitimate brothers and sisters of the deceased, Manuel García Maitin, filed the complaint giving rise to this action, which complaint he subsequently amended on the 28th of April of the following year, and wherein, setting forth the antecedents mentioned and attacking as fraudulent the partition and division of the Estate of Manuel García Maitin, because debts had been simulated which did not exist and for the payment of which most of the property, consiberably undervalued, had been awarded illegally to the widow; and availing themselves of the right which they believed was vested in them under the provisions of section 799 of the Revised Civil Code, concordant with article 811 of the former Code, according to which the property inherited by Beatriz García y Alós from her father, Manuel García y Maitin, and which upon her death had been passed by operation of law to her mother, Beatriz Alós de los Angeles, should have been reserved in their favor on account of their being relatives of the deceased, Beatriz García, within the third civil degree and of the same line from which said property was derived. he concluded with the prayer to

the court that it admit said amended complaint, and order
the personal citation of Ricardo Vela, testamentary ex-
ecutor appointed in the first place by Beatriz Alós de los
Angeles and of José Quijano on behalf of his minor children
who had been constituted the heirs of said lady. and the cita-
tion by notices of the other heirs constituted by the will, as
well as the citation of the Estate of José Caldas y Caldas.
the purchaser of the share or interest alleged to have be-
longed to Beatriz Alós in house number 29, San José Street,
in this city, and of the other persons interested in or pur-
chasers of property derived from the Estate of Manuel García
Maitin, and that it be declared in due time:

"1. That the will executed by Beatriz Alós de los Angeles is void
as to the disposition it makes of the property, the ownership whereof
is vested exclusively by operation of law in the surviving legitimate
brothers and sisters of Manuel García Maitin.

"2. That Monserrate, Dominga, and Angel García Maitin are the
owners of the property inherited by Beatriz Alós from her daughter,
Beatriz García y Alós, which the latter had in turn inherited from
her father, Manuel, according to the division and partition of the
estate left upon the death of said Manuel García Maitin—that is to
say, a share or interest valued at 7,822.22 *pesos* in estate 'Santa Rosa'
described, house number 75 San Sebastián Street, in this capital, 8
oxcarts and 3 plows.

"3. That the partition and division of the estate of Manuel García
Maitin are void, especially with reference to the appraisal of the prop-
erty, omissions in the inventory thereof, and as to the inventory of
debts formulated in said partition, with the exception of the interest
acknowledged therein on unredeemed annuities, and the funeral ex-
penses and those of the testamentary proceedings.

"4. That as a consequence the full ownership of the estate 'Santa
Rosa,' and the ownership of the other property inventoried and
described in the third statement of fact of the complaint, constituted
the estate of Beatriz García y Alós and now belong to the brothers
and sisters of García Maitin.

"5. That the conveyance made by Beatriz Alós of the estate 'Pas-
tillo,' of the interest in the ownership of house number 29 San José
Street, this capital, of house number 75 San Sebastián Street, also in
this capital, and, in general, those of the other properites constituting

the estate of Manuel García Maitin, are null or have become void since her death, and also any encumbrances she may have placed on said property are likewise void or held to be extinguished.

"6. That the full and unrestricted ownership of these properties, conveyed or encumbered, is vested in the plaintiffs—that is to say, the brothers and sisters of García Maitin.

"7. That the heirs of Beatriz Alós are under the obligation of returning and delivering to the plaintiffs the personal property and cattle of the estate of Manuel García Maitin, and other property, or the value thereof, under the terms established for a usufructuary.

"8. That the fruits of all the property of García Maitin and the accessions thereto accruing at the time of the death of Beatriz Alós belong to the plaintiffs."

The defendants, Beatriz de los Angeles, the widow of Alós, one of the heirs constituted in her will by her daughter, Beatriz Alós de los Angeles, the Estate of José Caldas, consisting of his children, Angela, Carolina, and Francisca Caldas, Ramón Valdés and José Quijano, in his own right and on behalf of his minor children, María, Luis, and Manuel Quijano y Alós, made answer to the complaint, through their respective counsel, contesting it and praying that it be dismissed with the costs on such legal grounds, and for such reasons as they considered pertinent.

A day having been set for the trial and the evidence having been admitted, the court, after hearing the arguments of counsel for the parties, rendered the following judgment:

"Number 212.—*Monserrate García Maitin et al.* v. *Ricardo Vela et al. In re* the annulment of a will and a contract and recovery of property. This case was called for trial on November 3, 1905, in its order on the calendar, and the parties appeared through their counsel and announced that they were ready for trial. Thereupon the parties made their allegations in their order, submitted their evidence, which was duly heard, the testimony of one witness alone being left pending. And on November 11, 1905, in open court, the case was again called to continue the trial, both parties appearing through their counsel, who announced that they were ready. Thereupon the pending evi-

dence was heard, and the parties made their oral arguments and subsequently filed their briefs.

"And the court, having heard the allegations, the evidence and the arguments, and having duly considered the case, renders the following judgment: That it should adjudge, and does adjudge, the defendants, heirs of Beatriz Alós, namely Beatriz de los Angeles, widow of Alós, and María, Luis, and Manuel Quijano y Alós, to deliver within three days to the plaintiffs, Monserrate and Dominga García Maitin, the property inherited by said Beatriz de Alós from her daughter, Beatriz García y Alós, which property the latter had acquired in her turn by inheritance from her father, Manuel García Maitin, and which is in the nature of reservable property in favor of said plaintiffs, Monserrate and Dominga García Maitin, the sisters of said Manuel García Maitin, who, in the judgment of the court, have proven that they are the only relatives in the third degree living at present and who belong to the line from which the property is derived.

"And the property ordered delivered to its legitimate owners is the following:

"(a) An interest of 7,822.22 Mexican *pesos,* in a total value of 22,915 Mexican *pesos,* in the Estate 'Santa Rosa,' in *barrio* Juan Sánchez, composed of 800 *cuerdas* of land, equivalent to 314 hectares and 40 ares, with the two-story dwelling house thereon, 3 mill houses with thatch roofs and the grinding machinery, including within the area of the estate the so-calld San José lands as they form part thereof, said estate being bounded on the north by the Pueblo Viejo farm belonging to the Estate of ———; on the south by lands belonging to the Estate of Anastasio Maysonet; on the east by property belonging to the Estate of Antonio Cabranes; and on the west by property of Nicasio Quiñones and the river; and

"(b) House number 75, San Sebastián Street, of this city, bounded on the right upon entering by the property of Antonia Laredo; on the left by the police station; and in the back by the 'Resinto Norte,' valued at 5,000 *pesos.*

"And as house number 75, San Sebastián Street, which is ordered returned, was sold by Beatriz Alós, the value thereof is ordered returned instead, after appraisal by three experts, one to be appointed by the plaintiffs, another by the defendants, and the third by the court, the report of the majority being accepted if it is not unanimous; and the court furthermore holds that the other measures prayed for in the complaint do not lie. The costs are taxed against the defendant heirs of Beatriz Alós.

"It is ordered that execution issue for the satisfaction of this judgment, which shall be entered in the judgment book of this court.

"Rendered in open court on the 30th day of March, 1906.

"Entered this 31st day of March, 1906.—Emilio del Toro, Judge."

Attorney Nemesio Pérez Moris took an appeal from this judgment on behalf of the plaintiffs, Dominga and Monserrate García Maitin and Ana Marién Dávila, as the representative of her husband, Angel García Maitin, and Attorney Wenceslao Bosch did so on behalf of the defendant, Beatriz de los Angeles, the widow of Alós; and the transcript of the record having been transmitted to this Supreme Court with a statement of facts and a bill of exceptions formulated by counsel for the plaintiffs, and the bill of exceptions of the defendant, also appellant, Beatriz de los Angeles Alós, all of them approved by the judge of the trial court, the parties filed their respective briefs, and a day was set for the hearing, at which counsel for the parties made their arguments in support of the contentions of their respective clients.

After having stated these facts, let us now proceed to examine the questions discussed in these proceedings, all of which revolve around article 811 of the former Civil Code, which is the equivalent of section 799 of the Civil Code in force. Said section 799 of the Civil Code in force was repealed by the Act of the Legislative Assembly, approved March 8, 1906; but this does not affect the decision of the questions at issue in this litigation, inasmuch as rights acquired under the protection of the former Civil Code are involved, which rights cannot be considered to have been extinguished by the said Act of the Legislative Assembly, because it was applicable only from the date of its approval— that is to say, from March 8 of last year—and it has no retroactive effect, in accordance with the provisions of section 3 of the Revised Civil Code which governs us.

Now then, article 811 of the former Civil Code, concordant

with section 799 of the modern Code, which has been repealed, reads as follows:

"The ascendant who inherits property from his descendant, acquired by the latter for a good consideration from another descendant or from a brother or sister, is obliged to reserve the property he may have acquired by force of law in favor of the relatives within the third degree belonging to the line from which such property originated."

Do these conditions obtain in the present case? Have the plaintiffs proved their right under the conditions by said article 811 of the former Civil Code?

With regard to Dominga and Monserrate García Maitin, who are two of the plaintiffs, it appears to us that they have proved their right, because, with respect to them, all the conditions required are present for the existence of the reservation established by said article of the Code, inasmuch as the property in question was acquired by Beatriz. Alós de los Angeles, by operation of law, as the intestate heir of her daughter, Beatriz García y Alós, who had in her turn acquired it for a good consideration—that is to say, by intestate inheritance from her father, Manuel García Maitin— and that the right of reservation is exercised by two relatives within the third degree of relationship to Beatriz García y Alós, upon whose death the obligation arose of making the reservation imposed by the law upon her mother and heir, Beatriz Alós de los Angeles, the aforesaid relatives belonging to the same line from which the property claimed originated. These are the conditions which were required by the said article 811 of the former Civil Code in order to permit the exercise of the *stirpes* or lineal reservation, both designations being given by writers on the subject, and established for the first time in Spanish legislation by article 811 of the former Civil Code, from which it passed as section 799 to the Civil Code now in force.

This with respect to the plaintiffs Dominga and Monserrate García Maitin; but the same cannot be said with re-

spect to their brother Angel of the same surname, who has not appeared either in person or through a legal representative, and whose existence 'has not been established in a satisfactory manner, because having left this' Island more than 30 years ago, nothing has been heard, nor is anything known of his whereabouts; and although his wife, Ana Marién y Dávila, has appeared on his behalf, such representation cannot be admitted, because the law does not vest the representation of the husband in the wife, save in very exceptional cases, which are not involved herein, nor does the qualification which the judge has conferred upon Ana Marién and which she proves, authorize her to do anything more than to appear in court on her own behalf, but not in the name and on behalf of her absent husband, for which she would require special authorization of the judge, issued with the proper formalities and requisites.

Therefore, it becomes necessary to eliminate from these proceedings Angel García Maitin, who has not appeared to exercise his rights either in person or through a legitimate representative.

The case is different with respect to his sisters, Dominga and Monserrate García Maitin. The latter have appeared through their counsel, Attorney Nemesio. Pérez Morís, duly authorized by a formal power of attorney, executed in his favor in the city and court of Madrid, before a competent notary, and authenticated by the representative' of the United States in that city, and they have established their rights by means of the proper certificates of baptism, which show them to be the own sisters of the deceased, Manuel García Maitin, and consequently relatives within the third civil degree' of the deceased, Beatriz García y Alós, and that they belong to the same line from which the property, 'the ownership whereof is claimed, was derived—that is to say, to the paternal line of Beatriz García y Alós, as the sisters of her deceased father, Manuel, which, as we have stated above, are the conditions required by article 811 of the former Civil Code,

originating and permitting the exercise of the right of the *stirpes* or lineal reservation in question, and which serves as a basis for the complaint in this action.

But, what is the property in this case which the plaintiffs, Dominga and Monserrate García Maitin, have a right to claim as reservable in their favor?

Upon this point the judgment rendered by the Judge of the District. Court of San Juan holds that it is the property inherited by Beatriz Alós de los Angeles from her deceased daughter, Beatriz García y Alós, which the latter had acquired in her turn by intestate inheritance from her deceased father, Manuel García Maitin—that is to say, an interest of 7,822.22 *pesos*, Mexican currency—in the total value of the estate "Santa Rosa," situated in *barrio* Juan Sánchez, within the municipal district of Bayamón, and house number 75, San Sebastián Street, of this city, valued at 5,000 *pesos*, but that as the latter house had been sold by Beatriz Alós de los Angeles the defendants should pay the value thereof, after its appraisal in the manner provided by the said judgment.

But it is precisely upon this point of the judgment that one of the strongest contentions is urged by counsel for the defendant and appellant, Beatriz de los Angeles, the widow of Alós, one of the heirs constituted in her will by the deceased, Beatriz Alós de los Angeles.

The learned counsel for said appellant, in his brief on this point, repeating what he had already stated upon the same matter in his answer to the complaint, says, that, although the reservor, Beatriz Alós de los Angeles, had been declared the intestate heir of her daughter, Beatriz García y Alós, she had not been declared the absolute heir of all her property, but setting aside the legal portion due the widower, Lorenzo Ruiz Ibarra, on one-third of the hereditary estate of his deceased wife, Beatriz García y Alós, which legal portion had to be deducted from the total amount of said estate in order to determine the specific share due Beatriz Alós de los Angeles as the intestate heir of her deceased daughter,

Beatriz García y Alós, and consequently that the property which Beatriz Alós de los Angeles was required to reserve in favor of the relatives within the third degree of the paternal line of her said daughter was not all the property constituting the latter's estate, but the specific portion due after deduction of the third part which constituted the legal portion of her widower, Lorenzo Ruiz Ibarra; and as this liquidation had never been made and Beatriz Alós had taken possession of all the property of her daughter and had recorded it in her name in the registry of property, without determining, as prescribed by article 199 of the Mortgage Law in relation with article 201·of the Regulations, what property was to be considered as reserved and the respective value thereof, it appears from this that a state of confusion exists which precludes in the present case a determination of either the amount or the specification of the property which may be due the reservees, Dominga and Monserrate García Maitin, and consequently said confusion constitutes an obstacle preventing them from validly exercising the right which they have exercised in the complaint.

But this argument of counsel for Beatriz de los Angeles, the widow of Alós, is not based on solid ground.

According to article 811 of the former Civil Code, which was already in force in this Island in the year 1891, when Beatriz García y Alós died, the ascendant who inherited from his descendant property acquired by the latter for a good consideration from another ascendant [descendant] or from a brother or sister, is obliged to reserve the property he may have acquired by force of law in favor of the relatives within the third degree belonging to the line from which such property originated.

According to this article, the property which Beatriz Alós de los Angeles was obliged to reserve in favor of the relatives of her daughter, Beatriz García y Alós, within the third degree, was that which she would have acquired from the latter by force of law, and as property which Beatriz Alós

inherited from her daughter, Beatriz García, by force of law was all that which constituted the hereditary estate of said daughter, because as her only intestate heir, she inherited all her property by an express provision of law, without any deduction whatsoever, because the portion reserved to the widower, Lorenzo Ruiz Ibarra, did not vest in him the ownership of any of such property, but only the usufruct of one-third of the estate of his deceased wife—that is to say, the right to receive one-third of its products during his lifetime—but the ownership of all the property of the estate remaining unimpaired in favor of the heir, Beatriz Alós de los Angeles, without prejudice to the right of the latter to redeem the charge of the usufruct in the manner most suitable to her interests, but without prejudicing in the slightest manner the rights of the relative in whose favor she was required to reserve the ownership of such property; hence it is evident that the obligation to make the reservation imposed by the law on the said Beatrice Alós de los Angeles comprised all the property which she had inherited from her deceased daughter, Beatriz García y Alós, which was exactly the same property which the latter had acquired by intestate inheritance from her father, Manuel García Maitin, because it has not been proved that she possessed any other property, with the exception of the oxcarts and plows awarded her as her hereditary portion, and it is not known whether they were in her possession or not when she died.

We therefore agree perfectly on this point with the judgment rendered by the judge of the District Court of San Juan, in holding that the property to be delivered to the plaintiffs, Dominga and Monserrate García Maitin, is the property which Beatriz Alós de los Angeles inherited from her daughter, Beatriz García y Alós, and which the latter had acquired in her turn by intestate inheritance from her deceased father, Manuel García Maitin—that is to say, house No. 75 San Sebastián Street of this city, and her share in the Estate "Santa Rosa," which it has been proved in these pro-

ceedings by the records of the registry of property of this capital, that Beatriz Alós had recorded in her favor by intestate inheritance from her said daughter, Beatriz García y Alós.

Nor can it be argued that inasmuch as neither Beatriz Alós nor the García Maitin sisters, the plaintiffs in this action, had instituted the proceedings prescribed by article 199 of the Mortgage Law and concordant articles of its Regulations, to secure a record in the registry of property as to the reserved character of this property, they cannot now claim it in that capacity; because although the purpose of these proceedings is to specify in the registry what property is covered by the reservation and the value thereof, the law does not prescribe this as a necessary requisite for the exercise of the right of reservation by the relatives in whose favor the law establishes it, but simply as a guarantee which the Mortgage Law establishes in favor of the reservees in order that third persons seeking to acquire any right to such property may be informed as to the reserved character thereof and the liability they may incur toward the person or persons in whose favor such reservation is established.

It is evident that if no record has been made of the reservation in the registry, the persons in whose favor it exists cannot exercise their rights against third persons who may have acquired such property as unencumbered from the person or persons who appeared to be the owners thereof according to the registry and consequently having the right to convey it without danger of any kind; but this does not mean that because the reservation has not been recorded in the registry that the persons interested have no right of action against the ascendant who was obliged to make the reservation, or his successors, in whose possession the property may be, to recover the same together with the corresponding indemnity, in a proper case, because the former are not third persons within the meaning of the Mortgage Law with respect to the relatives in whose favor the law establishes the reservation, and it is

known that a right is not extinguished between parties because it has not been recorded in the registry of property.

Aside from this, we have already stated, and we repeat, that the record of the reservation in the registry of property is not what gives the relatives the right to claim such reservation, which has its origin in the law itself, but it is the guarantee which the Mortgage Law establishes for the benefit of the reservees so that they may enforce their rights against third persons; and consequently, even though the reservation were not recorded, nor the other requisites established by the Mortgage Law to record the same in the registry been complied with, this does not prevent the sisters, Dominga and Monserrate García Maitin, from enforcing their right against Beatriz Alós de los Angeles and her successors in this case.

Another argument advanced by counsel for the appellant, Beatriz de los Angeles, widow of Alós, against the complaint of Dominga and Monserrate García Maitin and consequently against the judgment rendered in these proceedings by the District Court of San Juan, which upon this point accedes to the claim of the plaintiffs, is that which relates to the extinction, by prescription, of the right of reservation exercised by said sisters, on account of their failure to enforce it throughout the period elapsing between September 28, 1891, when Beatriz García y Alós died and the right of reservation accrued in favor of the relatives of Beatriz within the third degree in the paternal line, and October 29, 1904, when the complaint in this action was filed—that is to say, for more than 14 years—which is a period more than sufficient for the purpose of considering the action brought by the plaintiffs to have exinguished by prescription, in accordance with the provisions of article 1957 of the Spanish Civil Code, amended by General Order of April 4, 1899, in harmony with article 1963 of said Spanish Civil Code.

That is to say, that the action exercised by Dominga and Monserrate García Maitin is alleged to have become extinguished on account of their failure to make use of the reser-

vation for a period much grater than the six years fixed by General Order of April 4, 1899, for the ordinary prescription of ownership and other property rights in real property.

But this exception advanced for the first time in the brief filed in this Supreme Court by counsel for the appellant, Beatriz Alós de los Angeles, cannot be considered, because as it was not pleaded in due time in the answer to the complaint, in the form and manner prescribed by section 128 of the Code of Civil Procedure in force, it cannot be discussed or decided in this second instance.

It was alleged in the lower court on a number of occasions by counsel for the defendants, that neither Dominga nor Monserrate García Maitin, nor the other brother, Angel, had ever taken steps to require the constitution of the mortgage and the record of the reservation in the registry of property, in accordance with the provisions of articles 168 and 199 of the Mortgage Law and the concordant articles from 201 to 206 of the Regulations; but this was done to attack the efficacy which the right of reservation exercised in the complaint by the García Maitin brother and sisters might have against third persons, who might have acquired any right in such property in good faith, without knowing that it was of a reserved character, because no record thereof appeared in the registry; but not to contest the complaint in the sense that the action exercised therein had prescribed, because the plaintiffs had not enforced it within the 14 years which had elapsed between the death of Beatriz García y Alós on September 28, 1891, when the obligation to make the reservation imposed by the law upon her mother, Beatriz Alós de los Angeles, had accrued upon her accepting the intestate inheritance of her daughter and the filing of the complaint on November 12, 1904, which was more than sufficient time to consider the action to have prescribed in accordance with the provisions of General Order of April 4, 1899, which fixed the time for the ordinary prescription of ownership and other property rights in real property at six years, and conse-

quently for the extinction of such rights by prescription when not enforced within a similar period, which is what is alleged by the defendant and appellant, Beatriz de los Angeles; the widow of Alós.

But let us assume that this exception, which was not taken in the lower court, could be discussed in this second instance; even then, it cannot be sustained for the purpose of dismissing the complaint.

Prescription as a means of acquiring ownership cannot be confused with prescription as a means of losing it. For the former, according to article 1957 of the former Civil Code, possession in good faith and with a proper title for a period of 10 years as to persons present and 20 years with regard to those absent, was sufficient; but for the latter—that is to say, to consider an action to have extinguished—the lapse of 30 years without its enforcement on the part of the owner of the real property, during that time, was necessary, in accordance with the provisions of article 1963 of said Code; but as it might happen that during the course of the latter period a third person might have acquired the ownership by possession for 10 years as to persons present, or 20 years with regard to those absent, in good faith and with a proper title, in accordance with the provisions of article 1957, in such case it is evident that the real owner would have lost his right owing to his failure to enforce it during that period of time, and that he would not have the right to invoke in his favor the provisions of article 1963 in order to allege that his action could not be considered as having prescribed because 30 years had not elapsed.

For this reason article 1963, which we have just cited, after providing in its first paragraph, that real actions with regard to real property prescribes after 30 years, establishes in its second paragraph the proviso that this shall be understood without prejudice to the prescriptions relating to the acquisition of ownership or of property rights by prescription; alluding certainly to article 1957 which lxed at 10 years as

to persons present, and at 20 years as to persons absent, in good faith and with a proper title, the time for the ordinary prescription of ownership and other property rights in real property.

But then came General Order of April 4, 1899, which amended article 1957 of the Civil Code, reducing the period for ordinary prescription of ownership and other property rights, in good faith and with a proper title, to six years, but without modifying or amending in the slightest manner the other article 1963, which fixed the prescription of real actions relating to real property at 30 years, said article continuing in force, although always with the proviso contained in the second paragraph thereof, with respect to the acquisition of ownership and other property rights by prescription, which proviso, after the publication of the said General Order, it is evident was to be understood in relation with the provisions thereof relating to the acquisition of ownership and other property rights in real property, by possession for six years in good faith and with a proper title; but in this case, not prescription as a means of acquiring ownership or any other property right, but prescription of the real action of ownership exercised in the complaint is alleged, we then have that the plaintiffs, Domingo and Monserrate García Maitin, have not lost by prescription the action of ownership exercised in their complaint, because between the year 1901, when Beatriz García y Alós died, and her mother, Beatriz Alós de los Angeles, inherited her property, and the obligation arose with the latter of making the reservation imposed upon her by article 811 of the Civil Code, then in force, and the date the complaint was filed, the 30 years fixed by article 1963 of the former Code, concordant with section 1864 of the Code in force, for the prescription of an action of ownership and other property rights, had not elapsed.

This being established, let us now consider the other questions raised in his brief by counsel for the appellants, Do-

minga and Monserrate García Maitin, which, having been raised and discussed in the first instance, may be discussed and decided in this appeal.

Said appellants attack the judgment on the ground, among others, that the judge had confined himself to adjudging that there should be delivered to the plaintiffs only that property which Beatriz García y Alós had inherited from her father, Manuel García Maitin—that is to say, the property which had been awarded to her as her legal portion amounting to 13,018.22 *pesos,* described in the judgment—and not all the property which constituted the estate of Manuel García Maitin, which the plaintiffs allege had passed without deduction of any kind whatsoever to his daughter, Beatriz, by operation of law. But as it would be necessary for this purpose to annul and avoid the division and partition made upon the death of Manuel García Maitin, which were approved by order of the Judge of First Instance of the Cathedral District of this city, of February 4, 1887, and the plaintiffs, Dominga and Monserrate García Maitin, cannot pretend to this, because such partition having become final, by reason of the lapse of the four years established by article 1047 of the Civil Code then in force, within which it could have been contested by the only person with capacity to do so, namely, the heir, Beatriz García y Alós, without her ever having done it, either before or after her marriage with Lorenzo Ruiz Ibarra, who could have done so on behalf of the rights of his wife, it is evident that this division and partition of the Estate of Manuel García Maitin cannot now be contested by the plaintiffs, who at the time of the death of their brother, Manuel, and when the said partition and division were approved, had not yet acquired any right of reservation with respect to said property, as neither the Civil Code, which established it for the first time by its article 811 and did not go into effect in this Island until 1889 had been published, nor had such right arisen in their favor on that date, since they did not acquire it until September 28, 1891, upon the death of their intestate

niece, Beatriz García, when her property passed to her mother, Beatriz Alós de los Angeles, between which date and the date the complaint was filed, more than 14 years have elapsed, a period more than sufficient for the prescription of the action for the annulment of contracts, which was of four years only, in accordance with article 1301 of the former Civil Code, even had they been able to contest the division and partition on that date, which partition and division had become final by the consent of the only person who had the right to contest them.

Nor can any more value be attached to the allegations made by the plaintiffs and appellants to attack the sales and other contracts entered into by Beatriz Alós de los Angeles with respect to the property inherited by Beatriz García from her father, Manuel García Maitin, and which really was property to be reserved for the plaintiffs, as also with respect to all the other property awarded to Beatriz Alós de los Angeles for the payment of the debts of the estate of her deceased husband, because as the plaintiffs had taken no steps whatever looking to the record of the reservation in the registry of property, it cannot prejudice third persons who acquired such property of Beatriz Alós de los Angeles, who had it recorded in her name, and who could therefore convey it without any liability, in accordance with the provisions of article 34 of the Mortgage Law in force, other than the obligation imposed upon the reservor, Beatriz Alós, to indemnify the reservees for the value of the property she might have alienated, in accordance with the provisions on the subject contained in article 38 of said law, which the judge of the District Court of San Juan has properly applied in his judgment, in decreeing that the defendants, the heirs of Beatriz Alós de los Angeles, should indemnify the plaintiffs, Dominga and Monserrate García Maitin, for the value of house number 75, San Sebastián Street, which cannot be returned to them because it had been conveyed by the said Beatriz to José Caldas, whose title cannot be revoked because he acquired it

from the person who, according to the registry, had the right to convey it to him.

The same is to be said with respect to the demand of the plaintiffs that the will left by Beatriz Alós de los Angeles be declared null and void, on the ground that the disposition had been made therein of property which did not belong to her; for apart from the consideration that the fact upon which this allegation is based is not true, because Beatriz Alós had not disposed of the property subject to reservation in favor of any one, and even had she done so, this would not have been a sufficient ground to apply for the annulment of a will executed with all legal formalities, especially when the plain-tiffs have absolutely no right to attack its validity as they are not relatives of the testatrix, Beatriz Alós, with a right to succeed her in all or part of her property, nor have they any other legitimate interest to attack the validity of her dispositions.

The principal objections made against the judgment rendered in this action by the District Court of San Juan having been answered, this court holds that the said judgment should be affirmed in every respect, without any special taxation of costs in this appeal.

*Affirmed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.